```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
MASON TENDERS DISTRICT COUNCIL                              :
WELFARE FUND, PENSION FUND,                                 :
ANNUITY FUND, TRAINING FUND,                                :
HEALTH AND SAFETY FUND, and                                 :
DOMINICK GIAMMONA, as Funds'                                :    17-cv-4493 (VSB)
Contributions/Deficiency Manager,                           :
                                                            :        ORDER
                          Plaintiffs,                       :
                                                            :
              -v-                                           :
                                                            :
LJC DISMANTLING CORP.,                                      :
                                                            :
                          Defendant.                        :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

Plaintiffs Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund, Training Fund, and Health and Safety Fund (the "Funds"), and Dominick Giammona, in his fiduciary capacity as the Funds' Contributions/Deficiency Manager (collectively, "Plaintiffs") bring this action pursuant the Employee Retirement Income Security Act of 1974 ("ERISA"). On September 11, 2019, I granted summary judgment in favor of Plaintiffs who sought unpaid fringe benefits, dues checkoffs, and Political Action Committee ("PAC") contributions from Defendant, LJC Dismantling Corp, ("LJC" or "Defendant"), and denied Defendant's cross motion for summary judgment. (Doc. 75.) I directed Plaintiffs to submit a proposed judgment, including an updated calculation of interest due on all unpaid fringe benefit contributions since August 14, 2018, pursuant to 26 U.S.C. § 6621, and evidence supporting Plaintiffs' application for audit costs and attorney's fees. (*Id.*) Plaintiffs submitted a proposed judgment, updated

interest calculations, and declarations supporting their application for audit fees, and attorneys' fees and costs on November 12, 2019. (Docs. 79–82.) Defendant did not file a response.

On November 21, 2019, I referred this case to Magistrate Judge Sarah Netburn for a damages inquest and a Report & Recommendation as to Plaintiffs' total award. (Doc. 83.) On December 14, 2020, Judge Netburn issued her Report & Recommendation ("Report & Recommendation" or "R&R") recommending that Plaintiffs be awarded a total of $1,251,137.25, plus additional interest to be calculated upon the entry of the final judgment. (R&R.)[1] On December 23, 2020, Defendant requested an extension until January 11, 2021 to file objections to the R&R, (Doc. 85), and Judge Netburn granted that request. (Doc. 86.) Thereafter, neither party filed objections.

Before me is Judge Netburns's unobjected to Report & Recommendation, which recommends that I: (i) Confirm the award and enter judgment for Plaintiffs in the amount of $698,816.59 in unpaid fringe benefit contributions, dues checkoffs, and political action committee ("PAC") contributions; (ii) award $185,900.00 in prejudgment interest on the unpaid fringe benefit contributions; (iii) award $185,900.00 in liquidated damages; (iv) award $33,201.70, plus $15.85 per day from August 14, 2018, through the entry of judgment in prejudgment interest on the unpaid dues checkoffs and PAC contributions; (v) award audit costs in the amount of $62,868.93; and (vi) award attorneys' fees and costs in the amount of $84,450.03. (*See* R&R 26.)

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the

---

[1] "R&R" refers to Judge Netburn's Report & Recommendation, filed on December 14, 2020. (Doc. 84.)

report and recommendation within 14 days of being served with a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). When a party submits a timely objection, a district court reviews de novo the parts of the report and recommendation to which the party objected. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). When neither party submits an objection to a report and recommendation, or a portion thereof, a district court reviews the report and recommendation, or that portion, for clear error. *Seifts v. Consumer Health Sols. LLC*, No. 05 Civ. 9355(ER)(LMS), 2015 WL 1069270, at *2 (S.D.N.Y. Mar. 11, 2015); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

Here, the Report & Recommendation was filed on December 14, 2020. (*See* R&R.) Although the Report and Recommendation explicitly provided that "[t]he parties shall have fourteen days from the service of this Report and Recommendation to file written objections," (*id.* at 27), and Judge Netburn gave the parties until January 11, 2021 to file objections, (Doc. 86), neither party filed an objection. I therefore reviewed Judge Netburn's thorough and well-reasoned Report & Recommendation for clear error and, after careful review of the record, found none. Accordingly, I adopt the Report & Recommendation in its entirety, and (i) confirm the award and enter judgment for Plaintiffs in the amount of $698,816.59 in unpaid fringe benefit contributions, dues checkoffs, and PAC contributions; (ii) award $185,900.00 in prejudgment interest on the unpaid fringe benefit contributions; (iii) award $185,900.00 in liquidated damages; (iv) award $49,162.65 in prejudgment interest on the unpaid dues checkoffs and PAC contributions;[2] (v) award audit costs in the amount of $62,868.93; and (vi) award attorneys' fees and costs in the amount of $84,450.03.

---

[2] In the 1,007 days that have passed since August 14, 2018, an additional $15,960.95 in interest has accrued.

The Clerk's Office is respectfully directed to enter judgment, and close this case.

SO ORDERED.

Dated: May 17, 2021
      New York, New York

                                         Vernon S. Broderick
                                         United States District Judge